UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KENNETH-WAYNE ROGERS II,<br><br>      Respondent/<br>      Petitioner,<br><br>    -against-<br><br>ULSTER COUNTY DEPARTMENT OF<br>SOCIAL SERVICES; FAMILY COURT OF<br>THE STATE OF NEW YORK, COUNTY OF<br>ULSTER; JODIE PARIS, ESQ.,<br><br>      Respondents. | 26-CV-1849 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Kenneth-Wayne Rogers II, who identifies himself as the "Respondent/Petitioner" in this action and who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the Family Court of the State of New York, County of Ulster.[1] For the reasons set forth below, the Court remands this action to the Family Court of the State of New York, County of Ulster.

### STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[1] Rogers does not provide the caption of the action pending in the state court, but he states that the case was assigned docket number F-02445-16. (*See* ECF 1, at 1.)

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper. Civil actions may be removed only to the federal court in the judicial district embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Here, Plaintiff's state court action is pending in Ulster County, which falls within the Northern District of New York, not this judicial district. *See* 28 U.S.C. § 112.

For this reason, the Court concludes that this case may not be removed. The Court therefore remands this action to the Family Court of the State of New York, County of Ulster. *See Mitskovski*, 435 F.3d at 131 (noting that the Second Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

**CONCLUSION**

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Family Court of the State of New York, County of Ulster. The Clerk of Court is directed to send a copy of this order to that court.

The Court denies Plaintiff's application to proceed *in forma pauperis* as moot. (ECF 2.) The Clerk of Court is directed to close this action.

Dated:    March 11, 2026
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

3